IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MITCHELL DANYELL BANKS,        )
                               )
           Plaintiff,          )
                               )
     v.                        )     1:22CV602
                               )
DANNY ROGERS, et al.,          )
                               )
           Defendant(s).       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Guilford County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names two Guilford County Sheriff's Office deputies, W.M. Evans and J.M. Allen, as Defendants along with Sergeant D.W. Cooke from that Office, Guilford County Sheriff Danny Rogers, and Defendant Rogers's surety company, Travelers Casualty and Surety Company of America. Plaintiff seeks damages in connection to an alleged assault by Defendant Evans.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be allowed to proceed as to Plaintiff's individual capacity claim against Defendant Evans, but dismissed as to Plaintiff's

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

other claims pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the Complaint, an unidentified officer attempted to perform a traffic stop of Plaintiff, but Plaintiff ran. (Docket Entry 2 at 13.) When Plaintiff gave up after a chase, Defendant Evans allegedly tackled him, placed his knee in Plaintiff's back, handcuffed Plaintiff's left hand, and punched him several times in the face. (Id. at 13-14.) After Plaintiff asked if he was through, Defendant Evans allegedly responded that he was not because Plaintiff talked too much, handcuffed Plaintiff's right hand, and punched him two or three more times. (Id.) The allegations against Defendant Evans are sufficient to state a claim for excessive force against him in his individual capacity. That claim should proceed. The Complaint also names Defendant Evans in his official capacity, which is an attempt at pleading a claim against his employer, the Guilford County Sheriff. Kentucky v. Graham 473 U.S. 159, 166 (1985). However, in order to successfully plead such a claim, the Complaint would have to contain facts attributing Defendant Evans's actions to a policy, custom, or decision of the Sheriff. Layma ex re. Layman v. Alexander, 343 F. Supp. 2d 483, 489 (W.D.N.C. 2004). The Complaint contains no such allegations and, therefore, fails to state any official capacity claim based on Defendant Evans's alleged actions. Only the individual capacity claim against Defendant Evans should proceed.

As for the remainder of the Defendants, the Complaint states without explanation that Defendant Allen showed deliberate indifference to Plaintiff's medical needs. (Docket Entry

2 at 12.) However, it contains absolutely no facts to support this bald conclusion. Therefore, it states no claim as to Defendant Allen.

Similarly, the Complaint alleges that Defendants Cooke and Rogers showed deliberate indifference to Plaintiff's "constitutional right to security." (Id. at 5.) It is not clear to exactly which right this allegation refers, but regardless any attempt at stating a claim fails because the Complaint alleges no involvement by either of these Defendants in the alleged assault by Defendant Evans. It does claim at one point that Defendant Cooke made a statement that Defendant Evans "beat the shit outta [Plaintiff]." (Id. at 15.) However, even if true, this after the fact characterization of what occurred did not somehow violate Plaintiff's rights. The Complaint simply contains no allegations that Defendants Cooke or Rogers acted directly in violating Plaintiff's rights. Further to the extent it may seek to raise claims against them based on their positions as supervisors of Defendant Evans, this attempt fails because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Iqbal, 556 U.S. at, 677.

Finally, the Complaint names Defendant Travelers based on its position as the surety company for Plaintiff Rogers Sheriff's bond. (Docket Entry 2 at 12.) Because the Complaint fails to state any claim against Defendant Rogers directly or against any of the Defendants in their official capacity, Defendant Travelers should also be dismissed from the case along with all Defendants except Defendant Evans in his individual capacity. The dismissals should be without prejudice to Plaintiff later amending his pleading if he can allege sufficient facts to state claims for relief.

-4-

As for Plaintiff's request to proceed *in forma pauperis*, *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation. Further, § 1915(b)(1) requires that he make an initial payment of $65.47, which the Court will order. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE RECOMMENDED that Plaintiff's individual capacity claim against Defendant Evans be allowed to proceed but that his official capacity claim against Defendant Evans and all claims against all of the other Defendants be dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $65.47.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October of 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments deducted in relation to this case shall be designated as made in payment of the filing fee for Civil Action No. 1:22CV602, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid

to the Clerk by the custodian at Plaintiff's next institution.  A copy of this Order shall be sent to Plaintiff's current custodian.

This, the 2nd day of September, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**